## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MICHAEL CHAVIS**,
Federal Defender Services
 of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929

      Plaintiff,

  **v.**                                Civil Action No.

**UNITED STATES DEPARTMENT OF JUSTICE**,
950 Pennsylvania Avenue, NW
Washington, DC 20530

**and**

**FEDERAL BUREAU OF INVESTIGATION**,
935 Pennsylvania Avenue, NW
Washington, DC 20535

**and**

**DRUG ENFORCEMENT AGENCY**
FOIPA Section
8701 Morrissette Drive
Springfield, VA 22152

**and**

**ORGANIZED CRIME DRUG
ENFORCEMENT TASK FORCES**
441 G. Street NW
Suite 6B13
Washington, DC 20530

      Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This cause of action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (Privacy Act), 5 U.S.C. § 552(a), for improper withholding of records, improper redaction of records, and the failure to adequately search for responsive records.

2.      This case seeks declaratory relief that the Defendants are in violation of FOIA and the Privacy Act for failing to fulfill the Plaintiff's request for records, and injunctive relief that the Defendants immediately and fully comply with the Plaintiff's requests.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants under 5 U.S.C. § 552(a)(4)(B) (FOIA), 5 U.S.C. § 522a(g)(1)(B) (Privacy Act), and 28 U.S.C. § 1331 (federal question). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5), which provide that the district court of the United States in the District of Columbia has jurisdiction to enjoin these federal agencies from withholding agency records and to order the production of any agency records improperly withheld from the Plaintiff.

## Parties

4.      The Plaintiff, Michael Chavis, is an adult citizen of the United States and resident of Roane County, Tennessee. The Plaintiff is employed as an investigator for the Federal Defender Services of Eastern Tennessee, Inc. (FDSET). FDSET is located at 800 S Gay Street, Suite 2400, Knoxville, TN 37929.

2

5.     The Plaintiff is harmed by the Defendants' improper withholding of agency records, improper redaction of records, and the Defendants' failure to adequately search for responsive records.

6.     The Defendant Department of Justice (DOJ) is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551(1), 552(f), and 702, that has possession, custody, and/or control of the records that the Plaintiff seeks and is responsible for fulfilling the Plaintiff's FOIA request. DOJ's failure to produce records responsive to the Plaintiff's request, or make any determination about the Plaintiff's request, occurred within this district. The DOJ headquarters are located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

7.     The Defendant Federal Bureau of Investigation (FBI) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f), and 702, and is a component of DOJ. The FBI has possession, custody and/or control of the records the Plaintiff seeks, and the failure to produce records responsive to the Plaintiff's request, or make any determination about the Plaintiff's request, occurred within this district. The FBI headquarters are located at 935 Pennsylvania Avenue NW, Washington, DC 20535-0001.

8.     The Defendant Drug Enforcement Agency (DEA) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f), and 702, and is a component of DOJ. The DEA has possession, custody and/or control of the records the Plaintiff seeks, and the failure to produce records responsive to the Plaintiff's request, or make any

3

determination about the Plaintiff's request, occurred within this district. The DEA headquarters are located 8701 Morrissette Drive, Springfield, VA 22152.

9.      The Defendant Organized Crime Drug Enforcement Task Forces (OCDETF) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f), and 702, and is a component of DOJ. The OCDETF has possession, custody and/or control of the records the Plaintiff seeks, and the failure to produce records responsive to the Plaintiff's request, or make any determination about the Plaintiff's request, occurred within this district. The OCDETF headquarters are located at 441 G Street NW, Suite 6B13, Washington, DC 20530.

## Facts Giving Rise to Complaint

10.      On February 27, 2017, FDSET was appointed to represent Ricardo Sanchez, an indigent capital defendant, in his federal post-conviction proceedings.[1]

11.      Ricardo Sanchez was criminally charged in the United States District Court for the Southern District of Florida in the same indictment with Danny Varela, Daniel Troya, Liana Lopez, Juan C. Gutierrez, and Kevin Vetere. All were charged with drug and gun offenses.

12.      Sanchez, Troya, and Varela were also charged in connection with the deaths of Jose and Yessica Escobedo and their two young sons on the Florida Turnpike in October 2006. The case received nationwide publicity.

---

[1] *Sanchez v. United States*, No. 16-cv-80693, Order, ECF No. 63 (S.D. Fla. Feb. 27, 2017).

13.     The FBI, DEA, and OCDETF (collectively, the "agencies") are components of the DOJ. The agencies assisted local law enforcement in the investigation and prosecution of Mr. Sanchez's case.

### FBI Requests

14.     In his capacity as investigator for Ricardo Sanchez, the Plaintiff made requests to the FBI for records under the Freedom of Information Act (5 U.S.C. § 552) (FOIA), and the Privacy Act of 1974 (5 U.S.C. § 552a) in October 2020.

15.     In November 2020, the FBI acknowledged receipt of the Plaintiff's records requests and assigned them FOIPA Request Numbers 1480368-000, 1480218-000, and 1481672-000.

16.     For Req. No. 1480368-000, the FBI's November 6, 2020 letter informed the Plaintiff that his "request has been closed" because it requested records on "one or more third party individuals." The basis of the denial was FOIA exemptions (b)(6) and (b)(7)(C), and 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The agency would also neither confirm nor deny that the records existed.

17.     While the request did seek information on "one or more third party individuals," it also requested records "pertaining to the investigation of the murder of Escobedo family." Accordingly, the records were either improperly withheld or the agency failed to adequately search for responsive records.

18.     The Plaintiff timely appealed the agency determination. The appeal was assigned number A-2021-00959.

19.     Four months later, the FBI affirmed the denial. As proof of the Plaintiff's proper exhaustion of remedies under FOIA, the final agency determination is attached as **Exhibit 1**.

20.     The FBI acknowledged receipt of Req. No. 1480218-000 on November 10, 2020. A second letter dated March 10, 2021—four months later—informed the Plaintiff that the records he requested were already released and the matter was being closed following an additional search.

21.     The Plaintiff appealed the agency action because the FBI searched for records pertaining to Mr. Sanchez, rather than the records concerning "the murder of Escobedo family." Accordingly, the agency's action was not responsive to the Plaintiff's request and the records were either improperly withheld or the agency failed to adequately search for responsive records. The appeal was assigned number A-2021-01941.

22.     Three months later, the FBI determined that the portion of the Plaintiff's request concerning "the murder of Escobedo family" was being processed under Req. No. 1481741-000.[2] As proof of the Plaintiff's proper exhaustion of remedies under FOIA, the final agency determination is attached as **Exhibit 2**.

23.     For Req. No. 1481672-000, the agency notified the Plaintiff on May 13, 2021—six months after confirming receipt of the request—that it was being "administratively closed" and the records were being processed under Req. No.

---

[2] Req. No. 1481741-000 appears to have been administratively created by the agency. The Plaintiff has not received any records from this request.

1481741-000. A copy of the agency determination is attached as **Exhibit 3**. The Plaintiff determined that an appeal under this request would be futile since the agency determined that the request was being processed under the administratively created request Req. No. 1481741-000.

24.     To date, the Plaintiff has not received any records from his requests, nor has he received any records from the administratively created request Req. No. 1481741-000, or a determination whether the FBI will disclose the requested records.

25.     As of the date of this filing, Req. No. 1481741-000 has been pending approximately nine months without action.

**DEA Request**

26.     In his capacity as investigator for Ricardo Sanchez, the Plaintiff also made a request to the DEA for records under the Freedom of Information Act (5 U.S.C. § 552) (FOIA), and the Privacy Act of 1974 (5 U.S.C. § 552a) in October 2020. The request was assigned Req. No. 21-00091-F.

27.     In December 2020, the agency responded that records "concerning the murder of the Escobedo family" and records related to other DEA investigation files were previously processed under DEA case number 18-00532-P.[3]

28.     However, that request did not specify records concerning "the murder of Escobedo family." Additionally, the records released under that request included approximately 107 improperly redacted pages, and 225 improperly withheld pages.

---

[3] DEA Req. No. 18-00532-P was the subject of a separate civil action.

Accordingly, the records were either improperly withheld or the agency failed to adequately search for responsive records.

29. The Plaintiff appealed the agency determination in February 2021. The appeal was assigned number A-2021-01042.

30. Almost one year later, the agency determination was affirmed. As proof of the Plaintiff's proper exhaustion of remedies under FOIA, the final agency determination is attached as **Exhibit 4**.

## OCDETF Request

31. In his capacity as investigator for Ricardo Sanchez, the Plaintiff also made a request to the OCDETF for records under the Freedom of Information Act (5 U.S.C. § 552) (FOIA), and the Privacy Act of 1974 (5 U.S.C. § 552a) in October 2020. The request was assigned Req. No. 1495029-000.

32. Nine months later, in July 2021, the agency responded that FBI records located in its search were referred to that agency for review.

33. OCDETF then released ten pages of documents with heavy redactions. In actuality, the release contained six pages with total redactions and four pages with near total redactions. Accordingly, the records were improperly withheld and improperly redacted, and the agency failed to adequately search for responsive records.

34. The Plaintiff appealed the agency determination in August 2021. The appeal was assigned number A-2021-02549.

35.   Five months later, in January 2022, the agency determination was affirmed. As proof of the Plaintiff's proper exhaustion of remedies under FOIA, the final agency determination is attached as **Exhibit 5**.

<u>**Causes of Action**</u>

**Count I:**

**Violation of FOIA (5 U.S.C. § 522)**
**for Improper Withholding of Agency Records**

36.   The Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37.   FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

38.   The Plaintiff properly requested records within the possession, custody, and/or control of the Defendants. 5 U.S.C. § 522(a)(3).

39.   The Plaintiff is entitled by law to access to the records requested under FOIA, unless the Defendants make an explicit and justified statutory exemption claim.

40.   The Defendants failed to make responsive records available to the Plaintiff, in violation of FOIA, 5 U.S.C. § 522(a)(3)(A).

41.   The Defendants are improperly withholding these records from the Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records.

42.   The Defendants improperly redacted the records that have been released and they have no legal basis for their improper redactions.

43.     The Plaintiff has, or is deemed to have, exhausted all applicable administrative remedies under FOIA.

44.     The Defendants have violated FOIA's mandate to release agency records to the public by failing to release the records as the Plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

45.     This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## Count II

### Violation of FOIA (5 U.S.C. § 522) for
### Failure to Conduct a Reasonable Search

46.     The Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

47.     The Plaintiff properly requested records within the possession, custody, and/or control of the Defendants. 5 U.S.C. § 522(a)(3).

48.     The Defendants failed to conduct a search reasonably calculated to identify all records responsive to the Plaintiff's requests for records, in violation of its obligations under FOIA. 5 U.S.C. § 522(a)(3)

49.     Therefore, the Defendants have violated FOIA's mandate to release agency records to the public by failing to release the records as the Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), (4)(B).

50.     The Plaintiff has, or is deemed to have, exhausted all applicable administrative remedies under FOIA.

51.     This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## Count III

### Violation of the Privacy Act (5 U.S.C. § 522a) for Improper Withholding of Agency Records

52.     The Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

53.     The Plaintiff properly requested records within the possession, custody, and/or control of the Defendants. 5 U.S.C. § 522a(b)(2) & (d).

54.     The Plaintiff is entitled by law to access the records requested. *See* 5 U.S.C. § 522(g)(1)(B) & (g)(3).

55.     The Defendants have failed to make responsive records available to the Plaintiff, in violation of the Privacy Act, 5 U.S.C. § 522a(d), (e)(6) & (f).

56.     Additionally, the Defendants improperly redacted the records that have been released and they have no legal basis for their improper redactions.

57.     The Defendants are improperly withholding these records from the Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records. *See* 5 U.S.C. § 522a(f).

58.     The Plaintiff has, or is deemed to have, exhausted all applicable administrative remedies as provided in the Privacy Act.

**Count IV**

**Violation of the Privacy Act of 1974 (5 U.S.C. § 522a) for
Failure to Conduct a Reasonable Search**

59.     The Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

60.     The Plaintiff properly requested records within the possession, custody, and/or control of the Defendants. 5 U.S.C. § 522a(b)(2) & (d).

61.     The Plaintiff is entitled by law to access the records requested. *See* 5 U.S.C. § 522(g)(1)(B) & (g)(3).

62.     The Defendants have failed to conduct a search reasonably calculated to identify all records responsive to the Plaintiff's requests for records, in violation of the Privacy Act, 5 U.S.C. § 522a(d), (e)(6) & (f).

63.     The Defendants are failing to adequately search for records responsive to the Plaintiff's requests and have no legal basis for their actions in doing so and in withholding the right of access to the requested records. *See* 5 U.S.C. § 522a(f).

64.     The Plaintiff has, or is deemed to have, exhausted all applicable administrative remedies as provided in the Privacy Act.

## Relief Requested

Accordingly, the Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant(s), and:

(a)     Declare the Defendants' failure to comply with FOIA and the Privacy Act to be unlawful;

(b)     Declare that the Plaintiff is entitled to disclosure of the requested records;

(c)     Order the Defendants to conduct a search reasonably calculated to identify all records responsive to the Plaintiff's records requests;

(d)     Order the Defendants to immediately disclose, in their entirety, unredacted versions of all records responsive to the requests that are not specifically exempt from disclosure under the FOIA or the Privacy Act, including any non-identical copies of any such records;

(e)     Issue an injunction enjoining the Defendants from withholding the records requested by the Plaintiff; and,

(f)     Provide such other relief as the Court may deem just and proper.

                              Respectfully submitted,

                              FEDERAL DEFENDER SERVICES
                              OF EASTERN TENNESSEE, INC.

        BY:     _____/s/ Luke P. Ihnen_____
                Luke P. Ihnen, (TN BPR 035190)
                Assistant Federal Defender
                Capital Habeas Unit
                Mary M. Kincaid, (AZ Bar 030837)
                Assistant Federal Defender
                Capital Habeas Unit
                800 S. Gay Street, Suite 2400
                Knoxville, TN 37929
                Phone: (865) 637-7979
                Facsimile: (865) 637-7999
                Luke_Ihnen@fd.org
                Molly_Kincaid@fd.org

                *Counsel for the Plaintiff*

13

## CERTIFICATE OF SERVICE

I hereby certify that on March 07, 2022, I electronically filed the foregoing

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF,** with the

Clerk of the District Court using the CM/ECF system.  Notice of this filing was sent

by operation of the Court's electronic filing system to all parties indicated on the

electronic filing receipt.  Parties may access this filing through the Court's electronic

filing system.  Notice was delivered by other means to all other parties via certified

U.S. Mail.


Registered Agent
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Registered Agent
Drug Enforcement Agency
FOIPA Section
8701 Morrissette Drive
Springfield, VA 22152

Registered Agent
Federal Bureau of Investigation
935 Pennsylvania Avenue, NW
Washington, DC 20530

Registered Agent
Organized Crime Drug
Enforcement Task Forces
441 G. Street, NW, Suite 6B13
Washington, DC 20530


/s/Nancy Hernandez
Nancy Hernandez, Paralegal
Capital Habeas Unit

14